```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| BETTY A. BEMBRY, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 16-5734 (JBS-JS) |
| TOWNSHIP OF MULLICA, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE, District Judge:**

This matter comes before the Court upon Defendants' motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P. [Docket Item 7.] This Court finds as follows:

1. Plaintiff Betty A. Bembry, proceeding pro se, filed this action on September 20, 2016 against Defendants the Township of Mullica, Bertha Cappuccio, and Kimberly Kirkendoll, alleging that Defendants unlawfully obtained a final judgment of foreclosure against her home on account of a concealed tax sale certificate for the property, Block 10818/lot 21, 258 24th Avenue, Elwood, New Jersey. Plaintiff avers that this conduct constitutes a violation of the Fourteenth Amendment and the New Jersey Consumer Fraud Act.

2. Specifically, Plaintiff alleges that the Township concealed a tax sale certificate in the amount of $626.11 against her property, certificate #85-143, issued on December

23, 1985.[1] Plaintiff alleges that the Township used that tax sale certificate to file a foreclosure complaint in rem against the property in 2010, Superior Court of New Jersey, Chancery Division, Atlantic County Docket # F-040397-10. (Compl. ¶¶ 8, 12, 15; see also Exhibit A to Defendants' Motion to Dismiss.) The Superior Court entered final judgment in rem in favor of the Township on the property on December 10, 2010 after Plaintiff failed to answer the complaint. (Ex. B to Defendants' Motion to Dismiss.)

    3.    Plaintiff avers that she was told by the tax collector about the tax foreclosure that had been filed on or about November 23, 2010 but that she was told she would have to pay "all back taxes and costs before they could do anything." (Compl. ¶ 15.) According to Plaintiff, this would have required $142,802.59 and the Township refused to give her more time to pay. (Id. ¶ 12.) Plaintiff states that she "never heard or received anything from either the tax collector or the attorney since that November letter." (Id. ¶ 15.)

---

[1] For purposes of the pending motions, the Court accepts as true the version of events set forth in Plaintiff's Complaint, documents explicitly relied upon in the Complaint, and matters of public record. See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014). The Court may consider these documents on a motion to dismiss without converting the motion to one for summary judgment. Id. All of the documents attached to Defendants' motion to dismiss are documents relied upon in the Complaint and/or matters of public record.

4. Plaintiff refused to vacate the property after entry of the foreclosure judgment, so the Township sought and was issued a Writ of Possession for the property on April 5, 2015, and scheduled an eviction for June 15, 2015. (Ex. C & D to Defendants' Motion to Dismiss.) Plaintiff filed a motion to stay the eviction before the Superior Court on May 26, 2015, asserting that she was unaware of the existence of the back taxes until after her ex-husband passed away in August 2009 and that she never received notice of the taxes owed or the final order of foreclosure. (Ex. E to Defendants' Motion to Dismiss.) Plaintiff's motion was denied. (Ex. F to Defendants' Motion to Dismiss.) Plaintiff filed a second motion to stay the eviction on June 8, 2015, again asserting that she "wasn't given notice of foreclosure final judgment or given the opportunity to by [sic] back property." (Ex. G to Defendants' Motion to Dismiss.) The Superior Court again denied Plaintiff's motion. (Ex. H to Defendants' Motion to Dismiss.)

5. On June 11, 2015, Plaintiff filed a Chapter 7 Bankruptcy petition before the United States Bankruptcy Court for the District of New Jersey, Docket #15-21008. (Compl. ¶ 17.) The Bankruptcy Court granted the Township's motion to vacate the automatic stay so that the Township could continue the foreclosure. (Id.) Plaintiff vaguely alleges that she learned of

3

inaccuracies in tax sale certificate #85-143 through the Township's filings before the Bankruptcy Court. (Id.)

    6.  On July 15, 2015, Plaintiff filed a motion to vacate the in rem foreclosure judgment, alleging that the Superior Court did not have jurisdiction over her because she was never served with the foreclosure complaint, that there were no delinquent taxes during the period identified in the tax sale certificate, and that "there was fraud in the conduct of the foreclosure" (Ex. K to Defendants' Motion to Dismiss), which the Township opposed. (Ex. L to Defendants' Motion to Dismiss.) Shortly thereafter Plaintiff filed another motion to vacate the in rem foreclosure judgment, reiterating her same arguments as to why the foreclosure was improper, which the Superior Court denied. (Ex. M & N to Defendants' Motion to Dismiss.) Plaintiff filed a motion for reconsideration which, too, was denied. (Ex. O, P & Q to Defendants' Motion to Dismiss.) Plaintiff filed an appeal with the Appellate Division on January 27, 2016, which was dismissed in September of that year. (Ex. R & U to Defendants' Motion to Dismiss.) In the interim, Plaintiff was evicted from the property on March 23, 2016, and she filed another motion to vacate the foreclosure judgment on August 8, 2016. (Compl. ¶ 19; Ex. S to Defendants' Motion to Dismiss.) The Superior Court denied her motion to vacate on October 21, 2016, and ordered that no further reconsideration motions would be

4

permitted to be filed. (Ex. V to Defendants' Motion to Dismiss.) This case followed shortly thereafter. [Docket Item 1.]

7. For the reasons now discussed, the Court will grant Defendants' motion to dismiss, finding that New Jersey's entire controversy doctrine bars Plaintiff's claims in this case.

8. As an initial matter, the Court recognizes that it "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Walker v. Horn, 385 F.3d 321, 337 (3d Cir. 2004) (citation omitted). New Jersey's entire controversy doctrine "is essentially New Jersey's specific, and idiosyncratic, application of traditional res judicata principles." Rycoline Prods., Inc. v. C&W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997).

> The Entire Controversy Doctrine embodies the notion that the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy. The Doctrine thus requires a party to bring in one action all affirmative claims that it might have against another party, including counterclaims and cross-claims . . . or be forever barred from bringing a subsequent action involving the same underlying facts.

Id. at 885.

9. The application of the entire controversy doctrine turns on three criteria: "(1) the judgment in the prior action

must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one." Venner v. Bank of America, Civil No., 2009 WL 1416043, at *2 (D.N.J. May 19, 2009) (quoting Watkins v. Resorts Int'l Hotel and Casino, Inc., 591 A.2d 592, 599 (N.J. 1991)). "It is [a] commonality of facts, rather than the commonality of issues, parties or remedies that defines the scope of the controversy and implicates the joinder requirements of the entire controversy doctrine." DiTrolio v. Antiles, 662 A.2d 494, 504 (N.J. 1995). Importantly, the doctrine "bars not only claims that were brought in the previous action, but also claims that could have been brought." In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008).

10.  With respect to foreclosure actions specifically, the entire controversy doctrine requires that all "germane" claims must be joined in the first action or they are forever barred. N.J. Ct. R. 4:64-5. "The use of the word 'germane' in the language of the rule undoubtedly was intended to limit counterclaims in foreclosure actions to claims arising out of the mortgage transaction which is the subject matter of the foreclosure action." In re Mullarkey, 536 F.3d at 229. In other words, any claim challenging the foreclosure-plaintiff's "right

6

to foreclose" is "germane" to a foreclosure action and must be raised there. <u>Sun NLF Ltd. v. Sasso</u>, 713 A.2d 538, 540 (N.J. App. Div. 1988).

    11.  The entire controversy doctrine bars Plaintiff's claims against the Township, Ms. Cappucio, the tax collector for the Township, and Ms. Kirkendall, the Township's municipal clerk. The entire controversy doctrine bars the current claims because the same facts form the basis of her claims both in this Court and in the underlying foreclosure action, and because the crux of her claims in both cases assert impropriety and misrepresentation with respect to tax sale certificate #85-143 and the in rem foreclosure action #F-040397-10. In other words, even if Plaintiff's claims in this action are styled as constitutional or Consumer Fraud Act causes of action, where they were labeled otherwise before the Superior Court, she cannot escape the fact that they share the same essence in both courts: that the Township concealed the tax sale certificate and foreclosed on her property without proper notice. Each of the current claims was available and could have been raised by Plaintiff when litigating the foreclosure case in Superior Court.

    12.  The Court has no doubt that these claims are "germane" for two reasons. First, N.J. Ct. R. 4:64-5 permits that <u>only</u> germane claims may be litigated in a foreclosure action without

7

leave of court, and the Superior Court adjudicated Plaintiff's arguments about fraud, lack of notice, and the invalidity of the tax bill for years without hesitation. Second, even if the Court were to assume that these issues were not actually decided by the Superior Court, Plaintiff's constitutional and statutory claims challenge the Township's "right to foreclose" and could have been raised before the Superior Court. Sun NLF, 713 A.2d at 540. Because the entire controversy doctrine operates to bar "not only claims that were brought in the previous action, but also claims that could have been brought," In re Mullarkey, 536 F.3d at 225, Plaintiff is not permitted to relitigate these questions in this Court, even with new labels attached.

13.   Accordingly, the Court will grant Defendants' motion and will dismiss the Complaint with prejudice. A court may deny leave to amend a complaint where it is apparent that "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." United States ex rel. Schumann v. AstraZeneca Pharma. L.P., 769 F.3d 837, 849 (3d Cir. 2014) (citing Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000)). In this case, because the Plaintiff's complaint is legally insufficient, and not merely factually insufficient, any amendment would be futile.

    14.   An accompanying Order will be entered.

**July 17, 2017**             **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                             U.S. District Judge